## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

**DAVID FISCHER**
7401 Sleepy Hollow Drive
West Chester, OH  45069

                       Plaintiff,

     v.

UNIVAR USA**,** Inc.
4600 Dues Avenue
Cincinnati, OH 452246

**Also Serve:**

UNIVAR USA, Inc.
c/o CSC-Lawyers Incorporating Service
50 W. Broad St, Suite 1800
Columbus, OH  43215

                    Defendant.

CASE NO.: 15-cv-800

Honorable Judge:
Magistrate Judge:

---

## COMPLAINT WITH JURY DEMAND ENDORSED HEREON

---

      Comes now Plaintiff David Fischer ("Plaintiff"), by the undersigned attorney and for his

Complaint, states as follows:

### PARTIES

      1.     Plaintiff at all times relevant herein was a resident of the State of Ohio and the

County of Butler.

      2.     Defendant UNIVAR USA, Inc. ("UNIVAR") is a corporation that sells and

distributes chemicals nationwide including throughout the State of Ohio.

      3.     UNIVAR conducts business in Ohio from offices located at 4600 Dues Avenue,

West Chester, Butler County, OH (the "Dues Avenue Office").

      4.     UNIVAR is an employer within the meaning of federal and state law.

## JURISDICTION AND VENUE

5. This court has jurisdiction to hear this case pursuant to *28 U.S.C. § 1331* because the action arises under the laws of the United States.

6. Plaintiff's Count 1 arises under Age Discrimination in Employment Act ("*ADEA*"), *29 U.S.C. § 621 et seq.*

7. Plaintiff's Count 5 arises under the Employee Retirement Income Security Act ("ERISA"), 29 *U.S.C. § 2001, et seq.*

8. Supplemental jurisdiction over pending state claims lies with this Court pursuant to *28 U.S.C. § 1367*.

9. Venue is proper in the Southern District of Ohio, Western Division, pursuant to *28 U.S.C. § 1391(b)* because the events giving rise to these claims occurred in this division and district.

10. On October 19, 2015 the EEOC mailed its Notice of Right to Sue to Plaintiff.

## FACTS

11. Plaintiff is a male born on December 16, 1958 and was 56 at the time of his termination.

12. Plaintiff was hired by UNIVAR as an Account Executive in March 2012.

13. At all times relevant to this litigation Plaintiff worked out of UNIVAR's Dues Avenue Office.

14. During his tenure Plaintiff reported to Bo Hurley ("Hurley").

15. Hurley was supervised by General Manager Jarrod Burch ("Burch").

16. Plaintiff developed into a top ranked salesperson and in 2014 he increased sales by Two Million ($2,000,000.00) Dollars.

17. In 2014 Plaintiff's gross margins increased by $240,000.00.

18.    Based on Univar's sales metrics, Mr. Fischer was ranked 8 of 300 account executives at Univar for packaged sales in 2014.

19.    Despite these metrics, in late March 2015, Plaintiff was placed on a 45 day Performance Improvement Plan ("PIP").

20.    Neither Hurley nor Burch offered meaningful assistance to the Plaintiff to address the claimed deficiencies in the PIP.

21.    Despite the lack of assistance Plaintiff generated approximately $700,000.00 in sales during the 45 days between issuance of the PIP and his termination--effectively meeting the weekly sales goal set forth in the PIP.

22.    On more than one occasion Plaintiff was told he was "old school".

23.    At the time that Plaintiff was hired, the manner of sharing sales results was by an Account Printout.

24.    Defendant subsequently made it sales reports available digitally / on-line.

25.    Plaintiff was capable of reviewing and entering sales information electronically and did so.

26.    Plaintiff continued to use the printout solution when it provided supplemental information to that available electronically.

27.    During one sales meeting Plaintiff provided an example of information that could be found in the printout as opposed to the electronic report.

28.    The Manager in charge of the meeting advised the other account managers to ignore Plaintiff's advice, and stated that "after you are done feeding my dinosaur, you should look at the electronic report".

29.    Throughout his employment Plaintiff was subjected to references about his age and statements that "younger" account representatives were more computer savvy.

30.     Plaintiff was terminated on May 7, 2015.

31.     Plaintiff's discharge was motivated by age animus.

32.     Plaintiff is aware that other Univar Account Executives over 40, who had significant sales revenues, had been successful in their jobs and were nonetheless discharged for no apparent reason other than their age.

33.     At the time of his hire, the Plaintiff executed a document identified as "Agreement-Non-Solicitation" (the "Agreement"), which is attached hereto as Exhibit "A".

34.     The agreement provided, at Section 3, <u>Notice of Termination</u>, that in consideration for Plaintiff entering the agreement that Plaintiff would be offered separation benefits in accordance with the policy in effect at the time of his separation from employment.

35.     Univar never offered separation benefits to Plaintiff despite his request for same.

**FIRST CLAIM FOR RELIEF**
(Age Discrimination in Employment Act / 29 U.S.C. § 621 et seq.)

36.     All previous allegations are incorporated by reference as if fully rewritten.

37.     Plaintiff was over the age of forty (40) at the time of his termination and was qualified for his position at all relevant times.

38.     Plaintiff was terminated on account of his age in violation of the Age Discrimination in Employment Act, *29 U.S.C. § 621 et seq.*

39.     Plaintiff's termination permitted the hiring and retention of a substantially younger, less qualified employee.

40.     As a result of all of UNIVAR' conduct Plaintiff has suffered loss of wages and bonus, and will continue to suffer loss of wages and bonus into the indefinite future.

41.     Plaintiff has also suffered loss of fringe benefits, loss of medical coverage, loss of pension and other retirement benefits.

42.     Plaintiff has also suffered distress and mental anguish.

43.     Defendant's actions were intentional, willful, wanton and malicious in nature.

## SECOND CLAIM FOR RELIEF
(Age Discrimination in Violation of O.R.C. § 4112)

44.     All previous allegations are incorporated by reference as if fully rewritten.

45.     Plaintiff's termination was motivated by his age, and permitted UNIVAR to retain, or hire substantially younger employees under 40, who were less qualified than Plaintiff.

46.     By engaging in the conduct set forth in the paragraphs above, UNIVAR has discriminated against Plaintiff on the basis of his age, thus violating Ohio Revised Code *§4112.14 and 4112.99*.

47.     As a result of all of UNIVAR conduct Plaintiff has suffered loss of wages and bonuses, and will continue to suffer loss of wages into the indefinite future.

48.     Plaintiff has also suffered loss of fringe benefits, loss of medical coverage, loss of pension and other retirement benefits.

49.     Plaintiff has also suffered distress and mental anguish.

50.     Defendant's actions were intentional, willful, wanton and malicious in nature.

## THIRD CLAIM FOR RELIEF
(Disparate Treatment)

51.     All previous allegations are incorporated by reference as if fully rewritten.

52.     Plaintiff was treated in a different manner than other employees of UNIVAR, which disparate treatment was motivated by Plaintiff's age.

53.     As a result of all of UNIVAR conduct as set forth above, Plaintiff has suffered loss of wages and bonus, and will continue to suffer loss of wages and bonus into the indefinite future.

54.     Plaintiff has also suffered loss of fringe benefits, loss of medical coverage, loss of pension and other retirement benefits.

55.  Plaintiff has also suffered emotional distress and mental anguish.

56.  Defendant's actions were intentional, willful, wanton and malicious in nature.

## FOURTH CLAIM FOR RELIEF
(Breach of Contract)

57.  All previous allegations are incorporated by reference as if fully rewritten.

58.  At the time of his hire, the Plaintiff executed the Agreement.

59.  The agreement at Section 3, Notice of Termination, provided that in consideration of Plaintiff entering the agreement that he would be offered "separation benefits in accordance with the policy then in effect at the time of separation from employment".

60.  UNIVAR never offered provided benefits to Plaintiff despite his request for same.

61.  UNIVAR has breached its contractual obligations to Plaintiff.

62.  As a result of UNIVAR's conduct, Plaintiff has suffered damages in an amount to be established at trial.

## FIFTH CLAIM FOR RELIEF
(ERISA -29 U.S.C. § 1001, et seq.)

63.  All previous allegations are incorporated by reference as if fully rewritten.

64.  UNIVAR granted certain employee benefits to Plaintiff.

65.  UNIVAR knowingly terminated Plaintiff's employment to avoid the vesting of these benefits in violation of ERISA.

66.  UNIVAR conduct was willful, wanton and malicious in nature.

67.  As a direct and proximate result of UNIVAR' unlawful conduct, Plaintiff has suffered substantial damages and he is entitled to judgment.

68.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered substantial damages and he is entitled to judgment.

**WHEREFORE**, Plaintiff David Fischer demands the following relief:

1. That Plaintiff be reinstated to his former position with UNIVAR;

2. That Plaintiff be awarded all lost pay and benefits;

3. That Plaintiff be awarded front and back pay;

4. That Plaintiff be awarded value of the ordinary in an amount to be determined at trial but not less than $250,000.00;

5. That Plaintiff be awarded compensatory damages in an amount not less than $250,000.00;

6. That Plaintiff be awarded punitive damages;

7. That Plaintiff be awarded reasonable attorneys' fees and costs incurred in connection with maintaining this action;

8. That Plaintiff be awarded prejudgment interest; and

9. That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ Neal D. Jacobs
Neal D. Jacobs (#0073218)
Attorney for Plaintiff, David Fischer
8118 Corporate Way, Suite 110
Mason, Ohio 45040
Phone: (513) 229-0302
Facsimile: (513) 988-3474
neal@masonlawyers.net

**EXHIBIT "A"**

## **JURY DEMAND**

Plaintiff David Fischer demands trial by jury on all issues in the within cause.


<u>/s/ Neal D. Jacobs</u>
Neal D. Jacobs